United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPYDER GAMES LLC, et al., | Case No. 26-cv-00933-TSH |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO ALLOW ALTERNATIVE SERVICE** |
| BELLA THOMAS, | Re: Dkt. No. 12 |
| Defendant. | |

## I.    INTRODUCTION

Plaintiffs Spyder Games LLC and Speedy Simulator Gaming, LLC bring this copyright infringement case against Defendant Bella Thomas, alleging she runs a website that hosts nearly identical copies of their Roblox game *Steal a Brainrot*.  Pending before the Court is Plaintiffs' motion to serve Thomas by email.  ECF No. 12.  For the reasons stated below, the Court **GRANTS** the motion.

## II.    BACKGROUND

Spyder Games LLC, a Louisiana limited liability company, and Speedy Simulator Gaming, LLC, a Wyoming limited liability company, are the owners of a Roblox video game titled *Steal a Brainrot*.  Compl. ¶¶ 1, 4-5, ECF No. 1.  Thomas is an individual residing in Georgia.  *Id.* ¶ 6. Plaintiffs allege Thomas willfully copied the game and created a marketplace hosting near-identical versions.  *Id.* ¶ 3.  Plaintiffs further allege Thomas hosts the website https://stealbrainrotio.io/ to profit from games that are near 1:1 copies of the game.  *Id.* ¶ 14.

Prior to filing this lawsuit, Plaintiffs submitted a Digital Millennium Copyright Act (DMCA) notice to Google.  Mot. at 2.  Thomas then submitted a counter-notice under 17 U.S.C § 512(g)(3) to prevent her website from being removed from Google search results.  *Id.*; Levy Decl.

¶ 2 & Ex. 1, ECF No. 12-1.  In this counter-notice, she identified her name, address (6853 Glenlake Parkway NE # C, Atlanta, GA 30328), email address (bellathomaschicago@gmail.com), and telephone number (404-822-1592).  *Id.*  On January 27, 2026, Plaintiffs called the phone number Thomas provided in her DMCA counter-notice.  Starr Decl. ¶ 2, ECF No. 12-2.  They received no answer and left a voicemail.  *Id.*  While recording this voicemail, Plaintiffs received a text from Thomas's number, asking who was calling.  *Id.* & Ex. 1.  Plaintiffs replied and explained that they were reaching out to discuss a "potential lawsuit."  *Id.*  Plaintiffs received no further response.  *Id.*  They then emailed a draft complaint to the email address Thomas provided in her DMCA counter-notice.  Levy Decl., Ex. 2.

Having received no response, Plaintiffs initiated this lawsuit on January 29, 2026.  Plaintiffs emailed a copy of the complaint to bellathomaschicago@gmail.com and hired a process server to 6853 Glenlake Parkway NE # C, Atlanta, GA 30328.  *Id.*, Exs. 3, 4.  When the process server knocked on the door, the individual residing at the address would not open the door but did speak through it.  *Id.*, Ex. 3.  The occupant stated "she didn't know or ever heard of a Bella Thomas.  She refused to answer any further questions."  *Id.*  Plaintiffs' process server returned to the home three more times and received no answer at the door.  *Id.*  On the fifth attempt, the process server left a copy of the complaint and summons at the door of the address.  *Id.*  Plaintiffs then sent the complaint and summons to the address via certified mail.  *Id.*, Ex. 5.

Plaintiffs filed the present motion on March 10, 2026, seeking to serve Thomas by email.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) governs the methods by which service may be effectuated.  Rule 4(e)(1) permits service by any means permitted by the law of the state in which the case is pending, or the state in which the defendant resides.  Under California law, service may be effectuated by personal delivery to the party, delivery to someone else at the party's usual residence or place of business with mailing after, service by mail with acknowledgment of receipt, service on persons outside the state by certified or registered mail with a return receipt requested, and substituted service by publication if the party to be served cannot "with reasonable diligence" be served in another approved manner.  Cal. Code Civ. Proc. §§ 415.10-50.  Section 413.30

United States District Court
Northern District of California

provides another option: "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court." *Id*. § 413.30.

Alternative methods of service like email "must also comport with constitutional norms of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "Courts in the Ninth Circuit have interpreted *Rio Properties* to permit email service for defendants within the United States pursuant to California Law where email service is reasonably calculated to give actual notice to the party to be served, particularly where there is evidence that the defendant is evading service." *Barnes v. Scola*, 2026 WL 125613, at *2 (N.D. Cal. Jan. 16, 2026) (cleaned up; collecting cases). "In sum, email service is permitted when plaintiff demonstrates reasonable diligence in attempts to serve the defendant and service by email is reasonably calculated to give actual notice to the defendant." *Id.*

## IV.   DISCUSSION

The Court finds Plaintiffs have diligently pursued service by: (1) calling the phone number Thomas provided in her DMCA counter-notice and leaving a voicemail at that number; (2) texting with Thomas at that number; (3) emailing a draft complaint and the filed complaint to the email address; (4) hiring a process server to personally serve Thomas at the address she provided in her counter-notice and making multiple attempts at personal service at that address; (5) leaving a copy of the service packet at the door of the address; and (6) mailing a copy to the address via certified mail. The process server attempted to serve the necessary documents at the residential address a total of five times, at various times of day, between February 3 and February 27, 2026. Levy Decl., Ex. 3. These efforts reflect the requisite "reasonable diligence" for service under Section

United States District Court
Northern District of California

413.30.  *See Rio Properties*, 284 F.3d at 1016-17; *Gnathonic, LLC v. Dingman*, 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019) (collecting cases where evidence of evasion weighed in favor of substitute service by email); *Bein v. Bechtel-Jochim*, 6 Cal. App. 4th 1387, 1392 (1992) (Generally, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made," especially where the process sever was denied access to the defendant's home by the gate guard.); *Barnes*, 2026 WL 125613, at *2 (permitting service by email where plaintiff's process server attempted to serve the necessary documents at the residential address provided by defendant to the USPTO a total of six times).

Service by email using bellathomaschicago@gmail.com and by United States Postal Service Certified mail at 6853 Glenlake Parkway NE # C, Atlanta, GA 30328 is "reasonably calculated" to give Thomas actual notice.  *See Rio Properties*, 284 F.3d at 1016-17; *Barnes*, 2026 WL 125613, at *2.  Thomas provided the residential and email addresses to Google as part of her DMCA counter-notice.  Further, given Plaintiffs' previous attempts at service using the residential and email addresses, the Court finds Thomas is likely aware of the suit and thus likely aware that service has been or will be attempted.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to allow alternative service.  Plaintiffs are permitted to serve Defendant Bella Thomas with the Summons, Complaint, a copy of this order, and all other required documents in accordance with the Court's Order (ECF No. 6) and Local Rule 4-2 via email at bellathomaschicago@gmail.com and USPS Certified Mail 6853 Glenlake Parkway NE # C, Atlanta, GA 30328.

**IT IS SO ORDERED.**

Dated: March 20, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

4