UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPYDER GAMES LLC, et al.,

　　　　　Plaintiffs,

　　v.

BELLA THOMAS,

　　　　　Defendant.

Case No. 26-cv-00933-TSH

**ORDER REQUESTING
SUPPLEMENTAL BRIEFING**

Plaintiffs Spyder Games LLC and Speedy Simulator Gaming, LLC (collectively, "Plaintiffs") bring this copyright infringement case against Defendant Bella Thomas, alleging that Thomas runs a website that hosts nearly identical copies of their Roblox game, *Steal a Brainrot*. ECF No. 1.  Plaintiffs filed a Motion for Default Judgment.  ECF No. 21 ("Mot.").  The Court requests supplemental briefing not to exceed five pages on whether it has personal jurisdiction over Thomas.  The Court's Notice Re: Default Procedure states that the party moving for default judgment must

> [e]stablish the basis for the Court's personal jurisdiction, including citations to relevant legal authority, specific to each defendant.  If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

ECF No. 18 at 3.  In their Complaint, Plaintiffs allege Thomas "is an individual residing in Georgia" who has purposely availed herself "of the privileges of conducting business in California and the Northern District of California."  Compl. ¶¶ 6, 9–10.  However, in their Motion for Default Judgment, Plaintiffs do not include a minimum contacts analysis but instead argue that Thomas consented to personal jurisdiction in this Court.  Mot. at 20.  The cited DMCA counter-notices are not from Bella Thomas in Georgia, but Jenny Pham and Hao Nguyen in Vietnam.

*Compare* ECF No. 12-1 (DMCA counter-notice by Bella Thomas in Georgia) *with* ECF Nos. 22-1 & 22-2 (counter-notices from Vietnam). The Motion assumes that Pham and Nguyen are aliases for Thomas, *see* Mot. at 19 ("For the purposes of consistency, this Motion will continue to refer to defendant as 'Thomas.'"), but does not explain the basis for this assumption. Because of the way the consent is written ("I consent to the jurisdiction of Federal District Court for the judicial district in which I reside (or the Northern District of California if my address is outside of the United States)"), Thomas consented to personal jurisdiction in this district only if the Vietnam counter-notices are actually from her.

Accordingly, the Court **ORDERS** Plaintiffs to file a supplemental brief by June 22, 2026, addressing whether the Court has personal jurisdiction over Thomas. Specifically, Plaintiffs must address two questions: (1) can Plaintiffs establish personal jurisdiction over Thomas on default judgment on a basis that is different from the one alleged in the Complaint (minimum contacts vs. consent)? And if so, (2) what is the basis to think that the Vietnam counter-notices were from Thomas?

In addition, the Court **VACATES** the case management conference on July 2, 2026.

**IT IS SO ORDERED.**

Dated: June 11, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2